MEMO ENDORSED



RECEIVED
MAR 0 9 2023
U.S.D.C.
W.P.

United States District Court
Southern District of New York

| | |
|---|---|
| Jeffrey Herring,<br><br>   Pro Se petitioner<br><br>V.<br><br>United States of America,<br><br>   Respondent | Case No. 16-CR-302<br><br>Motion For Leave To Amend<br>Pursuant to <u>Fed. R. Civ. P. Rule 15</u> |

Comes now, Jeffrey Herring, in Pro Se with a motion to Amend pursuant to Fed. R. Civ. P. Rule 15, and states:

1.) In the interests of Justice, petitioners 28 U.S.C. § 2255 motion would be prejudiced if He failed to Amend.

2.) Petitioner has added more Grounds to raise in his 28 U.S.C. § 2255 motion that has merit on its face and there are Extraordinary and compelling reasons that would make the Courts seriously consider his writ of Habeas Corpus 28 U.S.C. § 2255. (* Hobbs Act Robbery Conspiracy is no longer a crime of violence. And RICO Conspiracy is no longer a crime of violence for purposes of 924(c). *)

3.) The Amended petition is attached Hereto.

Wherefore, petitioner prays his motion is Granted
Dated: 3/2/23

Pro se petitioner,

Jeffrey Herring #77609-054
USP Terre Haute, P.O. Box 33
Terre Haute, In 47808

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
300 QUARRUPAS ST.
WHITE PLAINS, NY. 10601

RE: MOTION FOR APPOINTMENT OF COUNSEL
and MOTION FOR EVIDENTIARY
HEARING

Dear Clerk,

Please find enclosed two copies of the above referenced Motions. Please file the originals and return the copies to me marked received/filed. For your convenience, I have enclosed a self-addressed stamped envelope.

I appreciate your cooperation with this matter, and I await your reply.

Sincerely,

JEFFREY HERRING #77609-054
CASE NO. 16-CR-302
USP TERRE HAUTE
P. O. BOX 33
TERRE HAUTE, IN. 47808

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 16-CR-302

JEFFREY HERRING
      PETITIONER,

   v.

UNITED STATES OF AMERICA,
      RESPONDENT,

EVIDENTIARY HEARING

---

MOTION FOR AN EVIDENTIARY HEARING IN SUPPORT OF
PETITIONER'S WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2255

---

COMES NOW, PETITIONER, Jeffrey Herring, "Herring", appearing pro se, respectfully moves this Honorable Court for an "Evidentiary Hearing". In support of this Motion, Petitioner shows the following:

1. Petitioner files his Writ of Habeas Corpus pro se. He is a Layman in Law. He has little to no knowledge or experience with such legal matters. And he cannot afford to hire an Attorney.

2. Petitioner's Writ of Habeas Corpus has Meritorious issues.

3. An Evidentiary Hearing will allow Petitioner to further prove his Meritorious grounds for relief, resolve the disputed facts, and expand the record.

WHEREFORE, Petitioner respectfully requests this Honorable Court grant his Motion for an Evidentiary Hearing and his Motion for Appointment of Counsel respectfully.

Submitted on this 16th day of October 2022.

Respectfully Submitted,

JEFFREY HERRING #77609-054
Case No. 16-CR-302
USP Terre Haute
P. O. Box 33
Terre Haute, IN. 47808

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 16-CR-302

JEFFREY HERRING
   MOVANT,

  v.
              MOTION FOR APPOINTMENT OF COUNSEL

UNITED STATES OF AMERICA
   RESPONDENT,

---

MOTION FOR APPOINTMENT OF COUNSEL TO REPRESENT MOVANT WITH
HIS WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2255
AND EVIDENTIARY HEARING

---

COMES NOW, MOVANT, Jeffrey Herring, "Herring", appearing pro se,

respectfully moves this Honorable Court for Appointment of Counsel to represent

Mr. Herring with his 28 U.S.C. §2255 and at an Evidentiary Hearing if granted.

In support of this Motion, Movant shows the following:

  1. Mr. Herring is poor and can in no way afford to hire an
    Attorney.

  2. Mr. Herring is a Layman in Law. He cannot comprehend the
    complexity of Law nor make Legal arguements.

  3. Mr. Herring's Motion has Merit on its face and there are
    extraordinary and compelling reasons for seriously considering
    his Writ of Habeas Corpus 28 U.S.C. §2255.

  4. An Attorney can Supplement his Motion to include Legal Research
    and Case Law to further support Herring's Motion.

  5. USP Terre Haute, where Herring is housed, is on Modified
    Operations, due to COVID-19, seriously limiting his access to
    the Law Library and Legal Materials. In fact, USP Terre Haute
    claims to have run out of paper.

  6. The writer of this Motion ("Jailhouse Lawyer") will be unable
    to assist Mr. Herring any further.

WHEREFORE, Mr. Herring respectfully requests this Honorable Court appoint Counsel to represent him with his Writ of Habeas Corpus 28 U.S.C. §2255 and at an Evidentiary Hearing if such a hearing is granted.

Submitted on this 16th day of October 2022.

Respectfully Submitted,

JEFFREY HERRING #77609-054
CASE NO. 16-CR-302
USP TERRE HAUTE
P. O. BOX 33
TERRE HAUTE, IN. 47808

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY HERRING
    PETITIONER,

-v-

UNITED STATES OF AMERICA
    Respondent.

SUPPLEMENTAL MOTION

---

SUPPLEMENTAL MOTION UNDER 28
U.S.C. § 2255 WRIT OF HABEAS CORPUS

---

Comes now, Petitioner Jeffrey Herring "Herring" appearing
pro se respectfully moves this Honorable Court with the above
captioned Supplemental Motion Writ Of Habeas Corpus
28 U.S.C. § 2255.  In support of this motion Petitioner shows
the following:

1 of 7

"AMENDED VERSION"

GROUND ONE

Whether defense counsel Troy A. Smith's (attorney Smith) failure to advise
Petitioner Jeffrey Herring (Herring) of the benefits of accepting, and the disadvant-
ages of rejecting the government's original plea offer at the plea stage, as opposed
to proceeding to trial, render him as ineffective assistance of counsel as guaranteed
by the United States Constitution.

Procedural Default

Facts: Before trial commenced, attorney Smith knew, or should have known, that a
federal grand jury indicted the Appellant for multiple crimes. Following a two week
trial, the Appellant, Herring, was convicted of one or more of the following charges:
Conspiracy to Commit Robbery [18 U.S.C. § 1951], Robbery [18 U.S.C. § 1951], Using
and Carrying a Firearm During and In Relation to a Crime of Violence and Causing
Death [18 U.S.C. § 924(j)], Conspiracy to Participate in a Racketeering Enterprise
[18 U.S.C. § 1962(d)], and Murder In Aid of Racketeering [18 U.S.C. § 1959(a)(1)].

On or about April 2017, attorney Smith consulted with Herring about the govern-
ment's verbal plea offer. Smith told Herring that the government was offering him a
20 year plea deal with cooperation and testimony at trial of the crimes, and against
other co-defendants. Attorney Smith did not inform Herring that upon entering the
plea in a truthful and timely manner of his conduct, he would receive a 3 (three)
level reduction in sentence under U.S.S.G. § 3E1.1(a) for acceptance of responsibility
and cooperation, and that he would receive a 2 (two) level reduction in sentence
under U.S.S.G. § 3E1.1(b) if he accepted responsibility and cooperation with the
government, and that the Court would consider other mitigating factors warranting a
lesser sentence upon acceptance of responsibility. But attorney Smith did not advise,
nor did he explain to Petitioner Herring the advantages of entering and accepting
the government's plea offer. He only told Herring of the 20 year offer with cooper-

ation. For this ill-advise, Herring rejected the government's verbal plea offer without being advised of other terms and conditions of the plea.

Legal Standard of Review

In Missouri v. Frye, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), the Supreme Court held, "[w]here counsel's ineffective advice led to an offer rejection, and where the prejudice alleged is having to stand trial, a defendant must show that but for the ineffective advice, there is reasonable probability that the plea offer would have been presented to the court, that the court would have accepted its terms and that the conviction or sentence, or both, under the plea offer terms would have been less severe than under the actual judgment and sentence imposed."Pp./ _, 182 L.Ed.2d at 406-411.

Argument

Had Attorney Smith properly advised and consulted Mr. Herring of the advantages and disadvantages of accepting or rejecting the plea offer at the plea stage, and given Herring knowledge of the 3 level reduction for acceptance of his responsibility upon confession of, and truthfulness of his conduct in a timely manner under U.S.S.G. § 3E1.1(a) and (b), and that he could have entered the offered plea with two three level reductions without his testimony at trial against other co-defendants, Herring would have been willing to accept the government's plea offer as opposed to proceeding to trial. In fact, any reasonable man of common intelligence, such as Mr. Herring being properly advised by counsel would have considered taking the 20 year sentence as opposed to a mandatory minimum sentence of Life imprisonment under U.S.S.G. § 2A1.1(a), after being convicted at trial. But Mr. Herring was denied that right to make a rationally intelligent decision at the critical stage of the criminal proceeding. However, but for attorney Smith's ineffective assistance, there is reasonable probability that Petitioner Jeffrey Herring would have accepted the

Government's plea offer's terms and conditions in a timely manner and presented a voluntary confession to the Court of his conduct in the offense.

In United States v. Booth, 432 F.3d 542 (3rd Cir. 2005), the court declared "If a defendant raises sufficient allegations that his counsel's advice in helping to make that decision was 'so insufficient that it undermined [the Defendants] ability to make an intelligent decision about whether to accept the [plea] offer'." Id. at 43-44; see also United States v. Day, 285 F.3d 1167, 1171 (9th Cir. 2002)(holding that the defendant was prejudiced because his counsel gave him erroneous advice that led [432 F.2 3d 550] him to proceed to trial, thus rendering him from receiving a 3 (three) level reduction for acceptance of responsibility.)

<u>GROUND THREE</u>

Whether the Court erred in failing to state an offense pursuant to Rule 12(b)(3) (B)(v) F.R.Cr.P., in count #3 of Appellant's indictment, which purports to charge a violation of 18 U.S.C. § 924(j). Proof of a § 924(j) violation requires the commission of a 924(c) violation.

<u>Procedural Default</u>

Facts: Appellant Jeffrey Herring was charged, among other charges, of using and carrying a firearm during and in relation to a crime of violence, and causing death, 18 U.S.C. § 924(j)(2). In the District Court's finding that proof of a 924(j) violation requiring the commission of a 924(c) violation. (See U.S. v. Root, 2021 U.S. App. LEXIS 25525, 2021 WL 3746805 #57 (4th Cir. 2021). The 924(j) statute criminalizes causing the death of a person through use of a firearm while in the course of a violation of 18 U.S.C. § 924(c). Section 924(c) makes it a crime to use or discharge a firearm during and in relation to any crime of violence for which a person may be prosecuted in a court of the United States. There is no statute of conviction before this Court, only a pending allegation. Petitioner Herring was convicted on five different counts, yet not one of them were under the charge of 18 U.S.C. § 924(c).

## Legal Standard of Review

In United States v. Presley, 2021 U.S. District LEXIS 179537, pursuan to F.R.Cr.P. Rule 12(b)(3)(B)(v), the defendant moved for a dismissal of a count 924(j) charge for failure to state an offense. Also, in United States v. Melgae-Cabrera, 892 F.3d 1653, 1060 (10th Cir. 2018) the district court ruled that § 924(j) is a discrete crime rather than a sentencing enhancement.

## Argument

Count 3 of Herring's conviction should be vacated. Count 3 lists two predicate offenses which are Counts 2 and 5 of the indictment. Count 2 charges the Appellant with 18 U.S.C. § 1951, robbery, in which Herring argued that robbery does not necessarily require "force" and it is therefore not a crime of violence pursuant to 924(c).

The second alleged predicate under Count 3 is Count 5, which is 18 U.S.C. § 1959(a)(1), murder in aid of racketeering, which falls within the category of "felony-murder." Felony-murder does not require the mens rea necessary for it to be considered a crime of violence pursuant to 924(c)(3). That is to say, felony-murder can occur when a defendant's recklessness or negligence causes the death of another. This is not a crime of violence under the force clause. Thus (under the felony-murder doctrine), a defendant who causes death in the course of committing another felony will be found to possess malice aforethought, even if the death itself was caused by recklessness, negligence, or a simple accident. The Supreme Court recently held that the crimes with a mens rea of recklessness do not fall within the elements clause definition of a crime of violence. (Border v. U.S., 1415, C.T. 1817, 210 L.Ed.2d 63 (2021). "If any, even the least culpable- of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the federal standard, and so cannot serve as a predicate offense for the purposes of § 925(c)(3)(A)." Id. at 1822.5.

## GROUND FOUR

The Supreme Court's ruling that a RICO conspiracy is not a crime of violence

for purposes of 18 U.S.C. § 924(j).

Procedural Default

Facts: Petitioner Jeffrey Herring was charged, among other charges, of conspiracy to participate in a racketeering enterprise, 18 U.S.C. § 1962(d), and using and carrying a firearm during and in relation to a crime of violence and causing death, 18 U.S.C. § 924(j)(2). Herring is charged in count four of his indictment of RICO conspiracy, and it is impossible to tell whether the jury ruled on the district court's instruction that it was a crime of violence which helped lead to Herring's conviction of the firearm-murder charge.

Legal Standard of Review

In United States v. Capers, 2021 U.S. App. LEXIS 3688, the courts held that the appellant's conviction under RICO was vacated because under binding precedent from the U.S. Supreme Court, a RICO conspiracy was not a crime of violence for purposes of 18 U.S.C. § 924(j), and they held that because it was unclear whether the jury based its decision to convict the appellant of the firearm-murder offense on the erroneous belief, in light of the court's instructions that RICO conspiracy was such a crime, the appellant's conviction for offense was vacated.

Argument

In contrast to a substantive violation of RICO under 18 U.S.C. § 1962(c), which requires proof of the commission of specifically listed state or federal crimes (some of which are catagorically violent crimes) as part of a pattern of racketeering in the course of conducting the affairs of an enterprise, a RICO conspiracy offense under § 1962(d) requires only that a defendant conspire - in other words, agree to violate one of RICOs substantive prohibitions. The U.S. Court of Appeals for the Second Circuit has held in the context of murder in aid of racketeering in violation of 18 U.S.C. § 1959, there is no inconsistency between a crime that is motivated in part by personal objectives, and the finding that the crime was also committed

"at least in part" for purposes related to a criminal enterprise. The district court erred in failing to instruct the jury that it must find that Herring committed pre-meditated murder in order to convict him under § 924(j). Racketeering conspiracy does not require an overt act (2021 U.S. App. LEXIS 18), and therefore cannot qualify as a crime of violence because it lacks, as an element, the actual, threatened, or attempted use of physical force. The jury's verdict of RICO conspiracy means that it necessarily found that Herring agreed to further a criminal plan that would include people selling drugs, among other things, but that says nothing about what, if anything, Herring personally would do to participate in the predicate narcotics conspiracy, nor does it say anything about the killing of Michael Northcote was in furtherance of that narcotics conspiracy, rather than in the broader interest of the enterprise in furthering its violent dominion.

RELIEF SOUGHT

WHEREFORE, for the foregoing reasons, Petitioner Herring moves this Honorable Court to issue an Order granting re-sentencing to time served, and grant Jeffrey Herring's immediate release from the custody of the Federal Bureau of Prisons to correct a complete fundamental miscarriage of justice.Murray v. Carrier, 477 U.S. 470, 106 S.Ct. 2639, 91 L.Ed.3d 397 (1986)

Date: 3/2/23

Jeffrey Herring

The Motion to Amend the Petition is denied. First, the proposed amendments are untimely, as they were filed well after the one-year statute of limitations. See 18 U.S.C. Section 2255(f). And, Petitioner has failed to offer any reason to have equitably tolled the statute of limitations. Second, the proposed amendments are futile, as they are procedurally barred and without any merit. They are procedurally barred because they could have been, but were not, raised in Petitioner's direct appeal. See U.S. v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011). They are wanting in merit because: (1) the Court did, in fact, charge the jury that it had to find that Petitioner committed a violation of Section 924(c); (2) the Indictment did not allege, and therefore the jury did not have to find, that Petitioner used and/or carried a firearm in connection with a racketeering conspiracy, thus making the question of whether such a conspiracy is a crime of violence irrelevant; and (3) even if the proposed additional claims had merit, Petitioner would still be facing a life sentence, thus barring his release under Section 2255. See U.S. v.Kaminski, 339 F.3d 84, 86-87 (2d Cir. 2003). As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, see 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, see Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith ... demonstrated when he seeks appellate review of any issue not frivolous.").

7 of 7

So Ordered. 7/7/23

*Supplemented*

Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern District of New York | |
|---|---|---|
| Name (under which you were convicted): Jeffrey Herring | | Docket or Case No.: 16-CR-302 KMK |
| Place of Confinement: U.S.P. Terre Haute P.O. Box 33, Terre Haute, IN 47808 | Prisoner No.: 77609-054 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. Jeffrey Herring | | |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

United States District Court, Southern District of New York

300 Quarropas St. White Plains, N.Y. 10601

(b) Criminal docket or case number (if you know): 16-CR-302 (KMK)

2. (a) Date of the judgment of conviction (if you know): 11-30-17

(b) Date of sentencing: 11-30-17

3. Length of sentence: Life plus 5 years

4. Nature of crime (all counts):

1) Conspiracy to commit Robbery, 18 U.S.C. § 1951

2) Robbery, 18 U.S.C. § 1951

3) Using and ~~carring~~ carrying a firearm during and in relation to a crime of violence and causing death, 18 U.S.C. § 924 (J)

4) Conspiracy to participate in a racketeering enterprise, 18 U.S.C. 1962 (d)

5) Murder in aid of racketeering, 18 U.S.C. § 1959 (a)(1)

5. (a) What was your plea? (Check one)

    (1) Not guilty ☑       (2) Guilty ☐       (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States District Court, Southern District of New York
300 Quarropas St. White Plains, NY 10601

(b) Docket or case number (if you know): 18-334

(c) Result: Affirmed

(d) Date of result (if you know): 3/20/19

(e) Citation to the case (if you know):

(f) Grounds raised: Whether the District Court Abused its Discretion in precluding the Appellant from introducing the statements of Co-conspirator Deanna Duncan as they were Admissable as Declarations Against Penal interest pursuant to Federal Rule of Evidence 804(3).

Whether the Second Circuits precedent Holding that Hobbs Act Robbery Constitutes As A crime of Violence under the Force Clause of 18 U.S.C § 924(c)(3) is incorrect.

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: United States District Court, Southern District of New York
300 Quarropas St, White Plains, NY 10601

(2) Docket or case number (if you know):

(3) Date of filing (if you know): 16 CR-302 (KMK)

Page 4

(4) Nature of the proceeding: MOTION FOR NEW TRIAL AND Judgement of Aquittal

(5) Grounds raised:

WHETHER OR NOT THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE VERDICT. THE WITNESS (THE GOVERNMENTS WITNESS) WEREN'T CREDIBLE. THE COURTS DECLINED TO ALLOW HERRING TO USE CERTAIN STATEMENTS OR INTRODUCE CERTAIN STATEMENTS MADE BY A CO-CONSPIRATOR (DEANNA DUNCAN)

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK   300 QUAROPPAS St, WHITE PLAINS, NY 10601

    (2) Docket or case number (if you know): 16·CR·302 (KMK)

    (3) Date of filing (if you know):

    (4) Nature of the proceeding: MOTION TO PRECLUDE EXPERT TESTIMONY IN THE FIELD OF FIREARMS AND TOOL MARK IDENTIFICATION

    (5) Grounds raised:

FIREARMS AND TOOLMARK IDENTIFICATION EVIDENCE IS INHERENTLY UNRELIABLE.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:   Yes ☐   No ☑

    (2) Second petition:   Yes ☐   No ☑

Case 7:16-cr-00302-KMK  Document 214  Filed 03/09/23  Page 16 of 26
Case 7:16-cr-00302-KMK  Document 225  Filed 07/09/23  Page 16 of 26

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: I was told By my attorney MR. TROY A. Smith that there was no need to appeal because we would Have a chance to argue it at the oral argument that would be coming up.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Ineffective Assistance of Counsel in violation of the 16th Amendment Right to Effective Assistance of Counsel Guaranteed By the U.S. Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I now know that I could've received a 3 (three) level reduction in sentence under U.S.S.G § 3E1.1(a) and a 2 (two) level reduction in sentence under U.S.S.G § 3E1.1(b) for accepting a plea Bargain and receiving a much lesser sentence as opposed to following my counsels ill-advise and proceeding to trial and getting a life sentence plus a consecutive 5 years.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Troy A. Smith was my lawyer During my appeal stage and I had yet to receive any knowledge of the Ineffective Assistance until after my appeal was Done.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Case 7:16-cr-00302-KMK   Document 214   Filed 03/09/23   Page 17 of 26
Case 7:16-cr-00302-KMK   Document 225   Filed 07/03/23   Page 17 of 26

Page 6

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or
raise this issue:


GROUND TWO: THE COURTS Holding THAT Hobbs Act Robbery IS A crime of Violence under 18 U.S.C.
924 (c)(3)'s Force Clause IS ERRONEOUS.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The Supreme Courts ruled that Hobbs Act Robbery is unconstitutionally VAGUE AND is no longer
A crime of violence. A Robbery CAN be used without ANY Force.

  ✗(SEE UNITED STATES V. DAVIS 5th Cir) ✗

Case 7:16-cr-00302-KMK Document 214 Filed 03/09/23 Page 18 of 26
Case 7:16-cr-00302-KMK Document 225 Filed 07/09/23 Page 18 of 26

Page 7

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☒   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Case 7:16-cr-00302-KMK   Document 214   Filed 03/09/23   Page 19 of 26
Case 7:16-cr-00302-KMK   Document 225   Filed 07/09/23   Page 19 of 26

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

( "AmENDED" )

GROUND THREE: Failure to state an offence (Count #3 on Indictment). Proof of a 924(j) violation requires the commission of a 924(c) violation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The circuit courts ruling that 924(j) is a Discrete Crime rather than a Sentencing enhancement. Proof of a 924(j) violation requires The Commission of a 924(c) violation. The charge of 924(c) is not a part of my 5 count indictment.

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Case 7:16-cr-00302-KMK   Document 214   Filed 03/09/23   Page 20 of 26
Case 7:16-cr-00302-KMK   Document 225   Filed 07/09/23   Page 20 of 26

Page 9

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


GROUND FOUR: Supreme Courts ruling that a Rico conspiracy is not a crime of violence For purposes of 18 U.S.C. § 924(c)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Supreme Courts ruling that Rico conspiracy is not a crime of violence for purposes of 18 U.S.C. 924(c). Im charged in Count # 4 of my indictment of Rico conspiracy And its Impossible To tell whether the Jury ruled on the District Courts instruction That it was a crime of violence which Helped lead To my conviction of the Firearm - Murder charge.

Case 7:16-cr-00302-KMK   Document 214   Filed 03/09/23   Page 21 of 26
Case 7:16-cr-00302-KMK   Document 225   Filed 07/09/23   Page 21 of 26

Page 10

(b)  **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❏  No ❏

  (2) If you did not raise this issue in your direct appeal, explain why:


(c)  **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❏  No ❏

  (2) If your answer to Question (c)(1) is "Yes," state:

  Type of motion or petition:

  Name and location of the court where the motion or petition was filed:


  Docket or case number (if you know):

  Date of the court's decision:

  Result (attach a copy of the court's opinion or order, if available):


  (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏   No ❏

  (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏   No ❏

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ❏

  (6) If your answer to Question (c)(4) is "Yes," state:

  Name and location of the court where the appeal was filed:


  Docket or case number (if you know):

  Date of the court's decision:

  Result (attach a copy of the court's opinion or order, if available):

Case 7:16-cr-00302-KMK   Document 214   Filed 03/09/23   Page 22 of 26
Case 7:16-cr-00302-KMK   Document 225   Filed 07/09/23   Page 22 of 26

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: GROUND 1 HASNT BEEN PRESENTED BECAUSE UP UNTIL NOW I WASNT AWARE THAT THIS GROUND (Ineffective Assistance of Counsel) WAS AN ISSUE PERTAINING TO ME. I only found this into AS I BEGAN TO RESEARCH my CASE FOR Appeals.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: TROY A. Smith

(b) At arraignment and plea: TROY A. Smith

(c) At trial: TROY A. Smith

(d) At sentencing: TROY A. Smith

Case 7:16-cr-00302-KMK   Document 214   Filed 03/09/23   Page 23 of 26
Case 7:16-cr-00302-KMK   Document 225   Filed 07/09/23   Page 23 of 26

Page 12

(e) On appeal: Troy A. Smith

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* IVE BEEN GRANTED EXTENSIONS BY MY sentencing JUDGE. (MR. KENNETH M. KARAS) DUE TO Different lockDowns At the institutions IVE BEEN INCARCERATED AT.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Case 7:16-cr-00302-KMK   Document 214   Filed 03/09/23   Page 25 of 26
Case 7:16-cr-00302-KMK   Document 225   Filed 07/09/23   Page 25 of 26

Page 14

Therefore, movant asks that the Court grant the following relief:

RE-SENTENCING TO TIME SERVED OR IMMEDIATE RELEASE

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on  3/2/23 _____ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.



Jeffrey Herring # 77609-054
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808

Clerk of Courts
United States Courthouse
Southern District of New York
300 Quarropas St
White Plains, NY 10601

RECEIVED
MAR 09 2023
U.S.D.C.
W.P.

(S.A.S.E. Enclosed)